IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ARTUR JOZEF SWIERZBINSKI,**

        Petitioner,

                              CIVIL ACTION
    **vs.**                           No. 10-3059-RDR

**ATTORNEY GENERAL OF UNTIED STATES,
et al.,**

        Respondents.


**MEMORANDUM AND ORDER**

    This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a native of Poland and a permanent resident of the United States, seeks relief from a Certification of Extraditability. He is detained at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America.

**Background**

    Petitioner was convicted in April 1994, in the Province Court in Suwalki, Poland, of beating and robbing an individual, Wojciech Dabrowski, in violation of Article 210, Section 1, in concurrence with Article 36, Sections 2 and 3, and in conjunction with Article 57, Sections 1, 2(1), and 3(1) of the

Polish Criminal Code.[1]  (Doc. 1, Attach., p. 8.)  Petitioner was sentenced to two years in prison, but the sentence was suspended on the condition that he complete a three-year period of probation.  On July 24, 1995, the Province Court determined petitioner had violated the terms of probation by the commission of an offense similar to that giving rise to his conviction.  The Province Court ordered petitioner to begin service of his sentence on December 31, 1995, but he failed to self-surrender on that date.  The Province Court issued an arrest warrant on January 29, 1996; however, petitioner fled the country.

On November 7, 2008, Poland submitted a request to the United States for petitioner's extradition.  Petitioner was arrested on October 6, 2009.  Following a detention hearing conducted on October 30, 2009, United States Magistrate Judge O'Hara ordered petitioner detained pending an extradition hearing.

The extradition hearing was conducted on January 11, 2010, and the United States presented the authenticated documents

---

[1] The victim sustained head and neck injuries and was hospitalized for four days.  The order entered by the Province Court reflects that petitioner, a co-perpetrator, and the victim gave similar statements to authorities.  It appears essentially uncontested that petitioner and at least one co-perpetrator attacked the victim with the intent of stealing his leather jacket.

provided by Poland in support of its request for petitioner's extradition. Judge O'Hara determined (1) an extradition treaty is in force between the United States and Poland, namely, the 1999 Extradition Treaty between the United States and Poland; (2) petitioner's criminal offense of aggravated assault is an extraditable offense under the treaty; and (3) there is probable cause to believe petitioner committed the crime for which extradition is sought and that he failed to serve the sentence for that offense.

## Discussion

**Extradition procedure**

Extradition is a process under which a fugitive may be returned to another country to face criminal charges or punishment. The process ordinarily commences when a foreign government submits an extradition request to the United States Department of State through diplomatic channels. *See Restatement (Third) of Foreign Relations Law,* §478 (1987). The State Department must determine whether the request is covered by a treaty, and, if so, it refers the matter to the Department of Justice for its determination whether the request satisfies the conditions for extradition. *See id.*

Once the Justice Department finds the request is valid, the matter is referred to the United States Attorney for the

district in which the fugitive is believed to be located. *See* id. The United States Attorney then files a complaint in the district court, seeking certification of the fugitive's extraditability and the issuance of an arrest warrant. *See* 18 U.S.C.A. § 3184.

When the fugitive is in custody, a district court judge or magistrate judge conducts a hearing to determine whether: (1) there is probable cause to believe that the fugitive has violated the criminal laws of the country seeking extradition; (2) the criminal conduct would have been a violation of American criminal law, if committed here; and (3) the fugitive is the one sought by the requesting nation. *Mironescu v. Costner*, 480 F.3d 664, 665 (4th Cir. 2007)(citing *Peroff v. Hylton*, 542 F.2d 1247, 1249 (4th Cir.1976)). If these criteria are met and the governing treaty provides no other basis for denying extradition, the judge certifies to the Secretary of State that the fugitive is extraditable. *See* 18 U.S.C. § 3184.

Although extradition orders are not final decisions that are appealable as of right, a fugitive may seek review from an extradition decision in habeas corpus. *See Fernandez v. Phillips,* 268 U.S. 311, 312 (1925)(habeas corpus is available only to examine whether the magistrate had jurisdiction, whether the offense is covered by the governing treaty, and whether

there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty).

Finally, upon the conclusion of judicial review, the Secretary of State determines, in the exercise of discretion, whether to surrender the fugitive to the requesting government. 18 U.S.C. § 3186.

**Standard of review**

Habeas corpus review of an extradition order under a treaty with a foreign country "is limited to 'determining whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal construction, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" *Ross v. United States Marshal*, 168 F.3d 1190, 1193 (10th Cir. 1999)(quoting *Peters v. Egnor*, 888 F.2d 713, 716 (10th Cir. 1989)(internal citation omitted)).

Having considered the record under this narrow standard of review, the court makes the following conclusions.

**1. Jurisdiction was proper**

The federal extradition statute, 18 U.S.C. § 3184, expressly authorizes a United States Magistrate Judge to preside over extradition proceedings. *See also* D. Kan. R. 72.1.1.(a)(4)(authorizing U.S. Magistrate Judge to conduct

extradition proceedings). Thus, Judge O'Hara had jurisdiction to consider the request for extradition.

**2. Petitioner's offense falls within the treaty**

Article 2 of the treaty authorizes the return of a fugitive convicted of an extraditable offense, defined as one "punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty." (Doc. 1, Attach. 1, p. 66.)

Petitioner was sentenced to a term of two years under the Polish Criminal Code. Judge O'Hara analyzed the petitioner's offense conduct under Kansas statutes and determined petitioner would be subject to a sentencing guideline range of 38-172 months for aggravated battery under K.S.A. 21-3414(a)(1)(A)[2] and guidelines of 55-247 months for a conviction of aggravated robbery under K.S.A. 21-3427. It is apparent that petitioner's crimes, if committed in this jurisdiction, would be punishable by a more than one year even if his criminal history allowed him to be sentenced at the lowest guidelines level. Thus, his criminal conduct is an extraditable offense under the provisions of the treaty.

---

[2]

This statute classifies aggravated battery as "intentionally causing great bodily harm to another person or disfigurement of another person".

**3. Probable cause to believe petitioner committed the offense.**

"[A] foreign conviction obtained after a trial at which the accused is present is sufficient to support a finding of probable cause for the purposes of extradition." *Sidali v. I.N.S.*, 107 F.3d 191, 196 (3d Cir. 1997)(citing *Spatola v. United States*, 925 F.2d 615, 618 (2d Cir. 1991), *cert. denied*, 522 U.S. 1089 (1998)). *See also Restatement (Third) of the Foreign Relations Law of the United States* § 476 comm. b (1987)("With respect to persons whose extradition is sought after conviction in the requesting state, the [probable cause] requirement is met by proof of the judgment of conviction and, where appropriate, of sentence.") This principle is rooted in comity. *Haxhiaj v. Hackman*, 528 F.3d 282, 290 (4th Cir. 2008). Petitioner's conviction in Poland establishes probable cause to believe he committed the offense.

**Basis for extradition**

Petitioner essentially concedes the factors above, but he argues the extradition request should fail because it is based upon a probation violation and not upon a conviction.

The magistrate judge rejected this argument, citing first, the recitation in the extradition request itself that petitioner's return is sought "in order to execute the adjudicated

penalty of imprisonment"[3], and second, a United States Supreme Court holding that squarely rejects this argument. *Alabama v. Shelton*, 535 U.S. 654, 662 (2002)("A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense.")

The court agrees that petitioner cannot prevail upon his argument. The revocation operates to trigger the criminal sentence imposed in 1994 and does not provide a basis upon which petitioner may evade extradition.

## Conclusion

The record clearly shows that the magistrate judge had jurisdiction to consider the petition, that petitioner's criminal offense is covered by the extradition treaty between Poland and the United States, and that his conviction establishes the requisite probable cause. Petitioner's argument that his violation of probation is not an extraditable offense fails, and the application for habeas corpus must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed and all relief is denied. The stay of execution of the extradition request will remain in effect until June 30,

---

[3]Doc. 1, Attach., p. 7.

2010, to allow the filing of a Notice of Appeal.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED the motion of respondent Richardson for additional time (Doc. 9) is denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 14th day of June, 2010.

        S/ Richard D. Rogers
        RICHARD D. ROGERS
        United States Senior District Judge