IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTUR JOZEF SWIERZBINSKI,

    Petitioner,

  vs.

CIVIL ACTION
No. 10-3059-RDR

ERIC HOLDER, Attorney General of the
United States; HILARY RODHAM CLINTON,
Secretary of State; LANNY D. WELCH,
United States Attorney District of Kansas;
WALTER D. BRADLEY, United States Marshal
District of Kansas; SHELDON RICHARDSON,
Warden of Corrections Corporation of America,

    Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner commenced this action on March 17, 2010, seeking relief from a Certification of Extraditability. This court denied relief in a Memorandum and Order filed on June 14, 2010, and petitioner filed a timely appeal.[1]

Petitioner has filed a motion for stay of extradition proceedings (Doc. 24) court pursuant to Rule 8(a)(1)(A) of the

---

[1] The appeal is proceeding as Case No. 10-3153.

Federal Rules of Appellate Procedure.[2]

Petitioner seeks a stay of extradition proceedings during the pendency of his appeal. A court considering such a request should weigh (1) whether the party seeking the stay has made a strong showing of eventual success on the merits; (2) whether the moving party will suffer irreparable injury in the absence of a stay; (3) whether the issuance of a stay will substantially injure the other parties; and (4) whether a stay would be in the public interest. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

The party seeking a stay has the burden of showing the circumstances justify the issuance of a stay. *See, e.g., Clinton v. Jones,* 520 U.S. 681, 708 (1997).

While the court has rejected the merits of petitioner's claim and is not persuaded that a strong likelihood of success on the merits exists, the court nevertheless finds that the factors, when considered together, warrant the stay sought by

---

[2] This section provides:
**Rule 8. Stay or Injunction Pending Appeal**
**(a) Motion for Stay.**
**(1) Initial Motion in the District Court.** A party must ordinarily move first in the district court for the following relief:
(A) a stay of the judgment or order of a district court pending appeal [....]

petitioner.  First, if the stay is denied, petitioner may be extradited before an appellate decision is rendered.  Should the matter be decided in his favor, petitioner would be unable to avail himself of relief, and thus, would be irreparably harmed.

Next, the issuance of a stay would appear to cause no appreciable harm to the opposing party; rather, if petitioner does not obtain relief on appeal, he would be extradited later. The arrest warrant issued by the Polish court was entered in late January 1996, and the additional delay caused by the entry of a stay does not appear to work any substantial injury to the requesting party.  The court likewise sees no injury to the United States in allowing petitioner's appeal to proceed to its conclusion on the merits.

Finally, the court finds the public interest is served by allowing the courts to determine petitioner's claims pursuant to established legal authority after development of the record.

Accordingly, the court concludes the factors warrant the issuance of a stay pending the resolution of petitioner's appeal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for order for stay of extradition proceedings (Doc. 24) is granted.

Copies of this order shall be transmitted to the parties

and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 25th day of October 2010.

```
                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States Senior District Judge
```